UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD ANTHONY HEMPHILL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4768** |
| **MARCO LOPEZ, et al.** | **SECTION "G"(4)** |

## ORDER AND REASONS

Before the Court is Plaintiff Richard Anthony Hemphill's ("Plaintiff") objection[1] to the June 23, 2014, Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Plaintiff, a state prisoner in the St. Tammany Parish Jail, filed a complaint pursuant to 42 U.S.C. § 1983 against Detective Marco Lopez ("Lopez"), Pearl River Chief of Police Benny Raynor[3] ("Raynor"), the Pearl River Police Department, Detective Daniel Buckner ("Buckner"), Detective Mike Rummell ("Rummell") and the St. Tammany Parish Sheriff's Office,[4] alleging that he was harassed by the detectives.[5] The Magistrate Judge recommends that the Court dismiss with prejudice Plaintiff's complaint.[6] Plaintiff objects to the Magistrate Judge's Report and Recommendation.[7] After reviewing the complaint, the Magistrate Judge's Report and Recommendation, Plaintiff's objections, the record, and the applicable law, for the following reasons, the Court will sustain Plaintiff's objections in part, overrule Plaintiff's objections in part, reject the Magistrate Judge's

---

[1] Rec. Doc. 11

[2] Rec. Doc. 7.

[3] The Report and Recommendation incorrectly states that Benny Raynor is the St. Tammany Parish Police Chief.

[4] Rec. Doc. 1.

[5] *Id.* at 3.

[6] Rec. Doc. 7.

[7] Rec. Doc. 11.

Report and Recommendation in part, adopt the Magistrate Judge's Report and Recommendation in part, and dismiss Plaintiff's claim with prejudice.

## I. Background

### A. *Factual Background*[8]

Plaintiff filed the instant complaint on June 14, 2013.[9] He alleges that he was accused of crimes that he did not commit and that he was allegedly placed in the newspaper for the same crimes before the investigation was complete.[10] He asserts that when he was arrested on February 9, 2012, the detectives harassed him and his family.[11]

Plaintiff alleges that law enforcement took some of his tools on February 9, 2012, and took a DNA sample in March 2012.[12] He asserts that in April 2012, law enforcement claimed that his DNA was on tools at a crime scene.[13] He also alleges that all of the detectives on the case harassed him and his family, and that they searched his brother James Moore's out of state home.[14]

Plaintiff asserts that he was again arrested on January 28, 2013, and was held in the St. Tammany Parish Jail by Lopez.[15] He contends that his fiancé spoke with Raynor, who allegedly told

---

[8] The following background derives from Plaintiff's complaint, and the Court will consider allegations as true for the purposes of considering Plaintiff's objections.

[9] Rec. Doc. 1.

[10] *Id.* at 5.

[11] *Id.*

[12] *Id.* at 6.

[13] *Id.*

[14] *Id.*

[15] *Id.*

her that Detective Lopez had a hold on Plaintiff for questioning.[16] As a result, Plaintiff filed a formal complaint with the Pearl River Police Department for the return of his personal property and for the charges against him to be dropped.[17]

Plaintiff alleges that he was summoned for arraignment on March 18, 2012, and that the charges were dismissed on May 21, 2012.[18] He contends that after he filed a complaint for the return of his property, the charges that were dismissed were allegedly brought "back up."[19] Further, he alleges that on June 4, 2013, Lopez came to the jail and placed more charges on him due to his complaint.[20] He asserts that his company has been ruined due to advertisements in the newspaper about the charges and investigation of him, and that his family has since been evicted from their home.[21]

Plaintiff seeks monetary damages for his alleged loss of property, for slander, defamation of his character, lost wages, and for pain and suffering.[22] He also seeks injunctive relief in that he requests that his criminal record to be cleared, and for disciplinary action to be taken against all parties so that this type of situation will not occur to other people.[23]

---

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.* at 7

[22] *Id.*

[23] *Id.* at 5.

On February 18, 2014, the Magistrate Judge conducted an evidentiary hearing, pursuant to *Spears v. McCotter*.[24]

## B. Report and Recommendation Findings

On June 23, 2014, the Magistrate Judge recommended that Plaintiff's claims be dismissed as frivolous.[25] She recommended that the claims against Defendants the St. Tammany Parish Sheriff's Office and the Pearl River Police Department be dismissed because neither named defendant is a person within the meaning of 42 U.S.C. § 1983.[26]

The Magistrate Judge also recommended that the claims against Raynor be dismissed, finding that supervisory officials, like Rayner, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate at the prison allegedly violated the plaintiff's constitutional rights.[27] She noted that the supervisory officials may only be liable under § 1983 if they were "personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."[28] While Plaintiff alleged that his fiancé contacted Raynor regarding the hold placed on him by Detective Lopez in January 2013, the Magistrate Judge found that Lopez worked for the Pearl River Police Department and was not an employee of St. Tammany Parish, or Raynor.[29] She also found that Plaintiff did not allege that Raynor himself was personally involved

---

[24] Rec. Doc. 7 at 3 (citing 766 F.2d 179 (5th Cir. 1985)).

[25] Rec. Doc. 7 at 13.

[26] *Id.* at 9–10 (citing *Burge v. Parish of St. Tammany*, 187 F.3d 452, 470 (5th Cir. 1999)).

[27] *Id.* at 10 (citing *Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999)).

[28] *Id.* at 11 (quoting *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981)).

[29] *Id.*

4

in the alleged unconstitutional acts of Lopez, noting that Plaintiff indicated during the *Spears* hearing that Raynor prevented Lopez from having him transferred from St. Tammany Parish to Pearl River, because Plaintiff was fearful of his safety.[30] Further, she found that Plaintiff had not alleged that "he suffered any injury as a result of any directive, supervised training or activity, or other policy set forth by the Sheriff or Warden which would create vicarious liability."[31] Accordingly, she found Plaintiff's § 1983 claims against Rayner were frivolous and otherwise failed to state a claim for which relief could be granted.[32]

The Magistrate Judge also recommended that the claims against Lopez, Buckner and Rummell be dismissed because they were barred from review pursuant to the *Heck* doctrine.[33] She found that Plaintiff should pursue any habeas corpus claims in a properly filed state post-conviction application or federal habeas corpus proceeding, if appropriate.[34]

## C. *Plaintiff's Objections*

Plaintiff objects to the Report and Recommendation, arguing that Raynor is employed by the Pearl River Police Department not the St. Tammany Parish Sheriff's Office.[35] Plaintiff contends that Raynor did not respond to the formal complaint he filed.[36] He asserts that Raynor was aware of his

---

[30] *Id.*

[31] *Id.* (citing *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991)).

[32] *Id.*

[33] *Id.* at 11–13 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).

[34] *Id.*

[35] Rec. Doc. 11 at 1.

[36] *Id.* at 1–2.

5

employee's acts and did not intervene.[37] Plaintiff argues that during the *Spears* hearing he stated that Warden Longino of the St. Tammany Parish Jail prevented Lopez from transferring him to the Pearl River Police Department, not Raynor as the Report and Recommendation indicates.[38]

Plaintiff asserts that he was never convicted, and all charges were dropped on June 10, 2014.[39] He alleges that he was held in the St. Tammany Parish Jail for 17 months on 11 felony charges as a result of the Defendants' actions.[40] He asserts that Rummell and Buckner "directly falsified a sworn affidavit to Judge Martin Coady" and withheld that they had gone to Plaintiff's home.[41] He argues that Lopez "lied in sworn affidavits for the plaintiff's arrest," by stating that Plaintiff's DNA was a positive match.[42] He asserts that "no such positive DNA match ever existed."[43]

Notably, on July 7, 2014, Plaintiff filed a Notification of Change of Address, in which he represented to the Court that "[he] went to trial on the charges that resulted in this civil action;" he accepted a plea deal "in the middle of trial" and pled guilty to "misdemeanors."[44]

---

[37] *Id.* at 2.

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.* at 3.

[42] *Id.*

[43] *Id.*

[44] State Rec. Doc. 9 (filed 07/07/14).

## II.  Standard of Review

### A.  *Review of the Magistrate Judge's Report and Recommendation*

When designated by a district court to do so, a United States Magistrate Judge may consider prisoner petitions challenging the conditions of confinement and recommend their disposition to the district court judge in accordance with the Magistrate Judge's findings of fact and determinations of law.[45] A district judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[46]  The district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[47] However, a district court's review is limited to plain error of parts of the report which are not properly objected to.[48]

### B.  *Standard for Frivolousness*

A district court has broad discretion in determining the frivolous nature of a prisoner's complaint.[49] A complaint is frivolous if it lacks an arguable basis in law or fact.[50] A claim has no arguable basis in law if "it is based on an indisputably meritless legal theory."[51] It lacks a basis in

---

[45] 28 U.S.C. § 636(b)(1)(B).

[46] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[47] Fed. R. Civ. P. 72(b)(3).

[48] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[49] *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

[50] *Id.*

[51] *Id.*

fact if "the facts alleged are clearly baseless."[52] If a court finds that a prisoner's claims are frivolous, the court must dismiss the claims *sua sponte*.[53]

### III. Law and Analysis

A. *Claims Against Improper Defendants St Tammany Parish Sheriff's Officer & Pearl River Police Department*

Plaintiff does not object to the Magistrate Judge's findings that the St. Tammany Parish Sheriff's Office and the Pearl River Police Department are not proper defendants in this case. Title 42 U.S.C. § 1983 imposes liability on any "person" who violates someone's constitutional rights "under color of law."[54] In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether these defendants can be sued.[55] Under Louisiana law, a sheriff's office, or police department, is a non-entity incapable of being sued.[56] The St. Tammany Parish Sheriff's Office and the Pearl River Police Department are, therefore, not proper defendants in this case. Reviewing for plain error and finding none, this Court adopts the Magistrate Judge's Report and Recommendation on this issue and will dismiss Plaintiff's claims against the St. Tammany Sheriff's Office and Pearl River Police Department with prejudice as frivolous and for failure to state a claim upon which relief can be granted.[57]

---

[52] *Id.*

[53] *See* 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c).

[54] 42 U.S.C. § 1983; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).

[55] Fed R. Civ. P. 17(b).

[56] *See, e.g., Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273, 283 (5th Cir. 2002)

[57] *See e.g., Jones Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing with prejudice the St. Tammany Parish as improper defendant).

### B.     *Claims against Supervisory Defendant, Chief of Police Benny Raynor*

Plaintiff objects to the Magistrate Judge's findings regarding the supervisory liability of Defendant-Chief Benny Raynor. Therefore, this Court considers the issue *de novo*. The Fifth Circuit has held that "vicarious liability cannot be the basis for recovery against a sheriff for the acts of his subordinates in a suit under [] 42 U.S.C. § 1983 . . . [unless] there is *personal involvement* of the [supervisory] officer being sued."[58] The Fifth Circuit has construed personal involvement to include omissions and breaches of duty, where such omissions or breaches of duty proximately cause a plaintiff's injuries.[59]

In *Sims v. Adams*, at issue was whether the plaintiff stated a cause of action against supervisory defendants for the alleged abuse and unlawful arrest by their subordinate officer.[60] The Fifth Circuit held that the language of § 1983 "requires a degree of causation as an element of individual liability, but it does not specifically require 'personal participation.'"[61] A cause of action against supervisory defendant is therefore stated if the plaintiff adequately alleges that the supervisory defendant breached "a duty imposed by state or local law, and this breach cause[ed] plaintiff's constitutional injury."[62]   A supervisory officer may also be liable under § 1983 for a breach of duty under a "failure to supervise" theory. In *Hinshaw v. Doffer*, the Fifth Circuit considered the plaintiffs' § 1983 claim against a police chief for failure to supervise and his

---

[58]*Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120, 123 (5th Cir. 1980) (citing *Baskin v. Parker*, 602 F.2d 1205 (5th Cir. 1979)) (emphasis added).

[59]*See e.g., Hinshaw v. Doffer*, 785 F.2d 1260 (5th Cir. 1986) ("Although supervisory officials cannot be held [vicariously liable], they may be liable when their own actions or inaction, including a failure to supervise that amounts to gross negligence or deliberate indifference, is a proximate cause of the constitutional violation.").

[60]*Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976).

[61]*Id.* at 831.

[62]*Id.*

subordinate officer for injuries sustained in an unlawful arrest.[63] The Court explained that to succeed in a failure to supervise § 1983 action, a plaintiff must "show that (1) the police chief failed to supervise or train the officer, (2) a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights, and (3) such failure to supervise or train amounted to gross negligence or deliberate indifference."[64]

In the present case, Plaintiff named Pearl River Police Department Chief of Police Benny Rayner as defendant.[65] Raynor is a supervisory officer to Detective Lopez of the Pearl River Police Department.[66] Raynor cannot be held vicariously liable for the actions of his subordinate officer, Lopez. However, as discussed above, supervisory officials may be liable for inaction or breach of duty, if such inaction or breach of duty proximately causes the plaintiff's injuries. Plaintiff alleges that his fiancé, Donna Black, spoke with Raynor in February 2013, regarding Plaintiff's allegedly unlawful detainment, and that Plaintiff "filed a formal complaint" with the Pearl River Police Department.[67] Therefore, if Raynor had sufficient notice of the allegedly unlawful detainment, and took no action, then Plaintiff has arguably stated a *prima facie* claim against Raynor. Accordingly, the Court will sustain Plaintiff's objections in part, to the extent that he objects to the Magistrate

---

[63] *Hinshaw v. Doffer*, 785 F.2d 1260 (5th Cir. 1986)

[64] *Id.* at 1263. *See also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (to amount to gross negligence or deliberate indifference, a supervisory official "must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.").

[65] Rec. Doc. 1 at 4.

[66] The Magistrate Judge's Report and Recommendation incorrectly states that Raynor is the St. Tammany Parish Police Chief. The Magistrate Judge's Report and Recommendation also incorrectly states that raynor is not Lopez's Supervisor.

[67] Rec. Doc. 1.

Judge's findings regarding the supervisory liability of Raynor. However, the Court must still determine whether Plaintiff's claim against Raynor is barred by the *Heck* doctrine.

### C.     The Heck Doctrine and Hemphill's § 1983 Claim

Plaintiff objects to the Magistrate Judge's findings regarding the applicability of the *Heck* doctrine to his § 1983 claim. Therefore, this Court considers the issue *de novo*. In *Heck v. Humphrey*, the Supreme Court held

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .[68]

Accordingly, "a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."[69]

In *Clarke v. Stalder*, the Fifth Circuit held that "*Heck* applies to [] claims for declaratory and injunctive relief as well as damages under § 1983."[70] Where dismissal of the § 1983 claim is proper under *Heck*, the Fifth Circuit stated the procedure for dismissal in *Johnson v. McElveen*: A plaintiff's "claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met."[71]

In his objections to the Magistrate Judge's Report and Recommendation, Plaintiff asserts that he was never convicted of any charges. However, this assertion is directly refuted in his Notice of

---

[68] *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

[69] *Id.*

[70] *Lavergne v. Clause* 591 Fed.Appx. 272 (5th Cir. 2015) (citing *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998) (en blanc)).

[71] *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Change of Address. There, he stated that he pled guilty to misdemeanor charges. Plaintiff generally alleges that Defendants unconstitutionally detained, arrested and held him in prison for charges he did not commit. However, Plaintiff's conviction has not been successfully challenged in any of the manners prescribed by *Heck*. In fact, Plaintiff bases his claims on the fact that he has not received relief from his conviction.

A ruling in this case regarding the validity of his guilty plea and the propriety of the subsequent rulings by the state trial court on postconviction review would impact the validity of Plaintiff's conviction. His claims, therefore, fall within the *Heck* bar. Accordingly, on *de novo* review, the court will dismiss Plaintiff's claims against Raynor, Lopez, Buckner and Rummell with prejudice to their being asserted again until the *Heck* conditions are met.[72]

## IV. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **SUSTAINED IN PART** to the extent that he objects to the Magistrate Judge's findings regarding the supervisory liability of Raynor, and **OVERRULED IN PART** to the extent Plaintiff asserts the *Heck* doctrine does not bar his claim.

**IT IS FURTHER ORDERED** that the Court **REJECTS IN PART** the Report and Recommendation to the extent it recommends that Plaintiff's claims against Raynor be dismissed because Plaintiff's allegations are insufficient to state a claim against Raynor as a supervisory official.

---

[72] *See Johnson*, 101 F.3d at 424 ("Plaintiff's claims are dismissed with prejudice to their being asserted again the *Heck* conditions are met."); *see also Clarke*, 154 F.3d at 190-91 (*Heck* applies to claims for declaratory and injunctive relief).

**IT IS FURTHER ORDERED** that the Court **ADOPTS IN PART** the Report and Recommendation in so far as it finds that: (1) Plaintiff's claims against the St. Tammany Parish Sheriff's Office and the Pearl River Police Department are frivolous and fail to state a claim upon which relief can be granted; and (2) Plaintiff's claims against Raynor, Lopez, Buckner and Rummell are barred by the *Heck* doctrine.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the St. Tammany Parish Sheriff's Office and the Pearl River Police Department are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Raynor, Lopez, Buckner and Rummell are **DISMISSED WITH PREJUDICE** until such time as the *Heck* conditions are met.

**NEW ORLEANS, LOUISIANA,** this __9th__ day of July, 2015.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**